UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

March 24, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Anthony A. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 22-1573-BAH

Dear Counsel:

On June 27, 2022, Plaintiff Anthony A. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny his claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case (ECF 11) and the parties' cross-motions for summary judgment (ECFs 12 and 14).[1] I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY both motions, REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

## I.   PROCEDURAL BACKGROUND

Plaintiff protectively filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on December 18, 2018, alleging a disability onset of September 14, 2015. Tr. 290–303. Plaintiff's claims were denied initially and on reconsideration. Tr. 141–48, 152–65. On August 24, 2020, an Administrative Law Judge ("ALJ") held a hearing. Tr. 29–51. Following the hearing, on October 20, 2020, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 116–35. After Plaintiff requested review of the decision, the Appeals Council vacated and remanded the decision due to the ALJ's "inconsistent findings" regarding Plaintiff's residual functional capacity ("RFC"). Tr. 136–38. On remand, the same ALJ held another hearing on August 23, 2021. Tr. 52–71. The ALJ then issued a decision on September 15, 2021, again finding that Plaintiff was not disabled. Tr. 9–28. The Appeals Council denied Plaintiff's request for review of this decision, Tr. 1–6, so the ALJ's September 15,

---

[1] Standing Order 2022-04 amended the Court's procedures regarding SSA appeals to comply with the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), which became effective December 1, 2022. Under the Standing Order, the nomenclature of parties' filings has changed to "briefs" from "motions for summary judgment." Because Plaintiff's motion pre-dates the Standing Order, and because both parties' motions are docketed as motions for summary judgment, the Court will refer to them as motions for summary judgment.

[2] 42 U.S.C. §§ 301 et. seq.

2021, decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ found that while Plaintiff had engaged in substantial gainful activity since January 1, 2021, he did not engage in such activity between October 26, 2018, and January 1, 2021. Tr. 15. At step two, the ALJ found that Plaintiff suffered from the severe impairments of:

> right femur fracture status post closed reduction and intramedullary nailing in September 2015; pelvic ring (acetabular, sacral and lumbar spine) fractures status post closed management in September 2015; cervical/thoracic spine fractures status post anterior cervical discectomy and fusion of C7-T1 with structural allograft and anterior locking plate in September 2015, postlaminectomy syndrome, and spondylosis; right elbow injury; and lumbosacral spondylosis.

*Id.* (citations omitted). The ALJ also determined that Plaintiff suffered from the non-severe impairment of "visual disturbance." Tr. 15–16. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 16. Despite these impairments, the ALJ determined that Plaintiff retained the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he has the ability to occasionally lift and carry 20 pounds; can frequently lift and carry 10 pounds; can stand and walk about 4 hours in an 8-hour workday, can sit about 4 hours in an 8-hour workday; can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; can never climb ladders, ropes, and scaffolds. He must avoid concentrated exposure to vibration and hazards such as dangerous machinery, and all exposure to hazards such as unprotected heights. He requires the ability to alternate between sitting and standing about every 30 minutes.

Tr. 16. The ALJ determined that Plaintiff was unable to perform past relevant work as dump truck

driver (DOT[3] #902.683-010), garbage collector driver (DOT #905.663-010), stock clerk (DOT #299.367-014), or laborer (DOT #899.684-014). Tr. 21. However, the ALJ determined that Plaintiff could perform other jobs that existed in significant numbers in the national economy. Tr. 21–22. Thus, the ALJ concluded that Plaintiff was not disabled. Tr. 22–23.

### III. LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

Plaintiff raises two arguments on appeal. First, he argues that the ALJ erred by failing to properly evaluate the opinion of his examining physician, Dr. Rashid Khan. ECF 12-1, at 5–7. Specifically, he contends that "substantial evidence does not support the ALJ's RFC" because the ALJ failed to: (1) address Dr. Khan's opinion that Plaintiff was "significantly limited" in his ability to bend, twist, push, and pull; and (2) determine whether this opinion warranted a corresponding limitation in the RFC. *Id.* at 6–7. Plaintiff also argues that the ALJ "should have recontacted Dr. Khan to clarify the meaning of 'significantly limited' in bending twisting, pushing, pulling, lifting and carrying more than 10-15 pounds, and standing and walking more than 30 minutes continuously."[4] *Id.* at 5.

---

[3] The "DOT" is shorthand for the Dictionary of Occupational Titles. As the Fourth Circuit has explained, "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

[4] Plaintiff provides extensive background on the factors relevant to evaluate opinion evidence in cases filed after March 27, 2017. ECF 12-1, at 5–6 (citing 20 C.F.R. §§ 404.1520c(b), 416.920c(b)). But, while Plaintiff asserts that these regulations apply to his claims, he does not

Defendant counters that the ALJ's evaluation of Dr. Khan's opinion was proper because the ALJ "built a logical bridge from the evidence to her conclusion that is more than ample to permit judicial review." ECF 14-1, at 9. Defendant also avers that the ALJ was not required to contact Dr. Khan to clarify his opinion because the evidence of record was sufficient for the ALJ to determine whether Plaintiff was disabled. *Id.* at 10–11.

A claimant's RFC represents "the most [he] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a). In determining a claimant's RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [his] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). Pursuant to Social Security Ruling ("SSR") 96-8p, an ALJ's RFC assessment must include an evaluation of the claimant's ability to perform the physical functions listed in 20 C.F.R. §§ 404.1545(b) and 416.945(b), including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions" that "may reduce [a claimant's] ability to do past work and other work." 20 C.F.R. §§ 404.1545(b) and 416.945(b); *see* SSR 96-8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996). "Only after such a function-by-function analysis may an ALJ express RFC in terms of the exertional levels of work" of which he believes the claimant to be capable. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021) (internal quotation marks omitted) (quoting *Monroe*, 826 F.3d at 179). As noted in *Dowling*, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it." *Id.* (alteration in original) (citation omitted). Thus, an ALJ must identify evidence that supports their conclusions and build an accurate and logical bridge from that evidence to their conclusions. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

Here, the ALJ evaluated the findings of two state agency medical consultants, a state agency psychological consultant, and Dr. Khan, in determining Plaintiff's RFC. Tr. 18–19. Dr. Khan opined that Plaintiff was "significantly limited" with respect to: (1) bending, twisting, pushing, and pulling; (2) lifting and carrying objects weighing more than 10–15 pounds; and (3) standing and walking for more than 30 minutes continuously. Tr. 19; 521–23. The ALJ found that this opinion was only "partially persuasive" because Dr. Khan failed to address Plaintiff's ability to stand and walk throughout a workday, and because his opinion regarding Plaintiff's ability to lift and carry was "inconsistent with treatment notes indicating . . . that [Plaintiff] could lift 100 pounds." Tr. 19 (citations omitted). One could reasonably infer that the part of Dr. Khan's opinion the ALJ found persuasive included the bending, twisting, pushing, and pulling findings.

Although the ALJ explicitly evaluated Dr. Khan's opinions regarding Plaintiff's capacity for sitting, standing, lifting, carrying, and walking, he provided no discussion or analysis of Dr. Khan's opinion that Plaintiff possesses a "significantly limited" ability to bend, twist, push, and pull. *Id.* The remainder of the ALJ's decision, including the RFC assessment, is similarly silent on Plaintiff's limitation in these areas.[5] The omission is particularly notable given that the ALJ

---

argue that the ALJ's decision runs afoul of these regulations. *Id.* at 5–9.

[5] The ALJ cites the report of another physician, Dr. Serpick, who opines that Plaintiff can

*Anthony A. v. Kijakazi*
Civil No. 22-1573-BAH
March 24, 2023
Page 5

accounted for every other limitation he examined in the decision by either: (1) incorporating the limitation into the RFC or (2) explaining why the limitation was unsupported. Tr. 16, 18–19.

The ALJ's failure to evaluate Plaintiff's limitation in bending, twisting, pushing, and pulling warrants remand. As SSR 96-8p explains, "[t]he RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted." 1996 WL 374184, at *7. Here, the ALJ provides no such explanation. To be sure, the ALJ may have determined that an RFC limitation related to bending, twisting, pushing, and pulling was not warranted. But the decision's failure to discuss (or otherwise incorporate into the RFC) what Plaintiff's physician describes as a "significant" limitation leaves me unable to determine whether the RFC is supported by substantial evidence. *See, e.g.*, *Chapman v. Comm'r, Soc. Sec. Admin.*, No. SAG-11-274, 2012 WL 6681929, at *2 (D. Md. Dec. 21, 2012) (remanding because claimant's physician found a limitation precluding activity which ALJ failed to address in his decision).

In sum, the ALJ's failure to evaluate Plaintiff's ability to bend, twist, push, and pull "frustrate[s] meaningful review" of the ALJ's RFC assessment. *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015). As such, remand is required so that the ALJ can provide a more fulsome explanation of their conclusion on this issue. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct. As this case is being remanded on other grounds, I need not also address Plaintiff's argument that the ALJ erred by failing to contact Dr. Khan to clarify his opinion. On remand, the ALJ is welcome to consider this argument and make any required adjustments to the opinion.

V.     **CONCLUSION**

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 12, is DENIED and Defendant's motion for summary judgment, ECF 14, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

                                            Sincerely,

                                            /s/

                                            Brendan A. Hurson
                                            United States Magistrate Judge

---

"occasionally" push and pull 20 pounds and can "frequently" push and pull 10 pounds. Tr. 18. But, as with his discussion of Dr. Khan's report, the ALJ fails to explicitly evaluate these findings.